Marguerite Springer, Executrix, Appellant, v. Wallace
L. DeWolf et al., Appellees.

Gen. No. 20,929.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-
WOOD HONORÉ, Judge, presiding. Heard in this court at the October
term, 1914. Affirmed. Opinion filed June 10, 1915.

## Statement of the Case.

Claim by Wallace L. DeWolf, Mary F. Kellogg and
Lucy E. Bell, against estate of Warren Springer, de-
ceased, and Marguerite Springer, as executrix of the
will of said Warren Springer, defendants.

Claimants recovered a judgment in the Circuit Court
May 27, 1912, against the estate of Warren Springer,
deceased, and Marguerite Springer, his executrix, for
$25,000. A copy of the judgment order was filed in
the Probate Court as a claim against the estate of
Warren Springer and allowed July 24, 1912, for
$25,190.97 as of class seven, to be paid in due course
of administration. After the expiration of the judg-
ment term the judgment was amended by striking out
the words "Estate of Warren Springer, deceased,"
and adding the words, "as a claim of the seventh class,
to be paid in due course of administration." Before
the amendment was made, a copy of the judgment
of the Circuit Court entered May 27, 1912, was filed in
the Probate Court as a proof of the claim of the plain-
tiffs in the judgment against the estate of Warren
Springer. After the judgment was amended, the claim-
ants, by leave of the Probate Court, filed a copy of the
amended judgment order as an amendment to their
proof of claim as of the date of the filing of their
claim.

Marguerite Springer as executrix of the will of War-
ren Springer, deceased, filed in the Probate Court her

Springer v. DeWolf, 193 Ill. App. 60.

petition praying that the order and judgment of that court entered July 24, 1912, allowing the claim of appellees as claimants against the estate of Warren Springer as of class seven for $25,190.97 be vacated and set aside. The prayer of the petition was denied and the petition dismissed, and the executrix prayed and was allowed an appeal to the Circuit Court. In that court the order of the Probate Court appealed from was "confirmed," the prayer of the petition denied and the petition dismissed. This appeal is prosecuted from the order of the Circuit Court. See *Springer v. DeWolf*, ante, p. 58.

EUGENE M. BUMPHREY, for appellant.

GEORGE W. WILBUR and WILLIAM T. ALDEN, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 252*—*when amendment proper.* The court may, after the expiration of the judgment term, permit a judgment, recovered against the estate of a decedent and his executrix, to be amended by striking out the words, "Estate of * * *, deceased," and adding the words, "as a claim of the seventh class, to be paid in due course of administration," the amendment being one of form only.

2. EXECUTORS AND ADMINISTRATORS, § 227*—*when amendment of proof of claim properly allowed.* Where the judgment on which a proof of claim is based is amended after the proof is filed, it is proper to allow the amendment of the proof of claim by filing a copy of the judgment order as amended.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.